UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:16-cv-07439-CAS (AFMx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | 21ST MORTGAGE CORPORATION V. PAMELA JACKSON ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                            Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (Filed October 27, 2016, Dkt. 9)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 9, 2017, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

On May 10, 2016, 21st Mortgage Corporation filed an unlawful detainer action in the Los Angeles County Superior Court against Pamela Jackson, Anthony Jackson, Barry Jackson, and Does 1 to 10. See Notice of Removal ("Removal") and Attached Complaint for Unlawful Detainer ("Complaint"). Defendants are allegedly occupants and possessors of a real property located at 2443 Cameron Avenue, Covina, California ("the Property").

On October 4, 2016, Laurence James filed a notice of removal of this unlawful detainer action to this Court. Dkt. 1. This is the third attempt by defendants to remove the same unlawful detainer action. Barry Jackson filed a Notice of Removal of this matter on July 29, 2016, invoking the Court's federal question and diversity jurisdiction. Case No. 2:16-cv-05674-CAS dkt. 1. On August 17, 2016, the Court remanded the matter to the Los Angeles Superior Court for lack of subject matter jurisdiction. Id. dkt. 8. Then on September 6, 2016, Towanna Okoronkwo filed a notice of removal of this unlawful detainer action to the United States Bankruptcy Court for the Central District of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-07439-CAS (AFMx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | 21ST MORTGAGE CORPORATION V. PAMELA JACKSON ET AL. | | |

California as a purported adversary proceeding to Okoronkwo's own Chapter 7 bankruptcy petition. Case No. 2:16-bk-21343-BR, dkt. 9; see also 2:16-ap-1408-BR. On September 9, 2016, the Bankruptcy Court remanded the matter to the Los Angeles Superior Court. Case No. 2:16-ap-1408-BR dkt. 2.

On October 27, 2016, plaintiff filed a motion to remand this case to the Los Angeles Superior Court. Dkt. 9. On November 29, 2016, defendants were ordered to file an opposition no later than December 12, 2016. Dkt. 17. To date, defendants have not filed any opposition. Having carefully considered plaintiff's arguments, James's notice of removal, and the procedural history of this action the Court finds and concludes as follows.

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g. Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07439-CAS (AFMx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | 21ST MORTGAGE CORPORATION V. PAMELA JACKSON ET AL. | | |

### III.  DISCUSSION

The Court lacks subject matter over the instant matter.

#### A.  Diversity Jurisdiction

Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.2003) (per curiam). James, a California resident, alleges that 21st Mortgage Corporation is not a citizen of California and that the parties are therefore diverse. Removal ¶ 4. 21st Mortgage Corporation does not dispute that the parties are diverse. However, 21st Mortgage Corporation argues that there is no diversity jurisdiction because the amount in controversy is less than $75,000.

In unlawful detainer actions, "California courts have noted that 'the right to possession *alone* [is] involved,' - not title to the property." Litton Loan Servicing, L.P. v. Villegas, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting Evans v. Superior Court, 67 Cal.App.3d 162, 168 (1977)). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Id. at *2. Where, as here, plaintiff seeks cumulative damages based on the reasonable daily value of possession, courts calculate the amount in controversy based on cumulative possession thus far. Id. The amount in controversy here does not exceed $75,000. The complaint seeks only the reasonable value of the use and occupancy of the premises, calculated at $60 per day from May 17, 2016, to the date when defendants yield possession of the property to plaintiff. Compl. ¶ 9. Even assuming that defendants have yet to yield possession of the property, the cumulative amount in controversy to date is approximately $13,500. Accordingly, this Court lacks diversity jurisdiction.

#### B.  Federal Question Jurisdiction

There is no federal question apparent on the face of plaintiff's complaint, which alleges only a simple unlawful detainer cause of action. See Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law") (citation omitted); IndyMac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07439-CAS (AFMx) | Date | December 28, 2016 |
|---|---|---|---|
| Title | 21ST MORTGAGE CORPORATION V. PAMELA JACKSON ET AL. | | |

court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Thus, plaintiff could not have brought this action in federal court, in that plaintiff does not allege facts supplying federal question jurisdiction, and therefore removal was improper. See 28 U.S.C. 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant") (footnote omitted).

James contends that federal questions arise from his Fourteenth Amendment due process rights. Removal ¶ 8. However, it is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393. Thus, to the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. Because plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks diversity jurisdiction under 28 U.S.C. § 1331.

### C. Remand

Having evaluated whether the Court has either diversity or federal question jurisdiction over this matter and concluded it does not, the Court has determined that this case must be remanded to state court.

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** forthwith to the Los Angeles Superior Court. Plaintiff's request for reasonable attorneys' fees in relation to this matter is **DENIED**. Defendants are admonished, however, that any further efforts to remove this unlawful detainer action may result in an award of monetary or other sanctions.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |